IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Metropolitan Life Insurance Company, | ) | C/A No. 0:17-22-MBS-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Vernon Hudson, Jr.; Frances Hudson; Pope Funeral Home, | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

    Plaintiff filed a Complaint against the defendants on January 4, 2017. (ECF No. 1.) Service of process was executed against all of the defendants. (ECF No. 5.)

**TO DEFENDANT POPE FUNERAL HOME**:

    Plaintiff filed a letter "on behalf of" Defendant Pope Funeral Home that has an invoice attached to it. (ECF No. 9.) **However, Defendant Pope Funeral Home must submit future filings directly with the court.** The summons served on Defendant instructed it to file a response with the court as well as serve it on the opposing party's counsel, and warned that failure to do so could result in a judgment by default against Defendant. Any future filings in this case must be sent to the following address: 901 Richland Street, Columbia, South Carolina 29201. The defendant must place the Civil Action Number (C/A No. 0:17-22-MBS-PJG) on any document filed in this case.

    Defendant Pope Funeral Home, a corporate litigant, is also warned that it cannot proceed without counsel in this action. It is well established that a corporation cannot appear *pro se* and must be represented by counsel in federal court. Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201-02 (1993) (recognizing that the rationale for the rule that a corporation may appear in the federal courts only through licensed counsel applies equally to all artificial entities and that "save in a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654 . . . does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney") (internal footnote omitted); Lattanzio v. COMTA, 481 F.3d 137, 139-40 (2d Cir. 2007) (holding that "a layperson may not represent a separate legal entity such as a corporation" and extending this to partnerships, single shareholder corporations, and limited liability companies, as well as to shareholders who file derivative suits); Pridgen v. Andresen, 113 F.3d 391, 392-93 (2nd Cir. 1997) (*pro se* litigant may not represent corporation, estate, partnership, or "his or her minor child"). This order constitutes final notice to Defendant Pope Funeral Home, that it cannot proceed without counsel in this action. **Defendant Pope Funeral**

*PJG*

**Home must obtain counsel within thirty (30) days. Failure to comply with this order may result in Defendant being held in default.**

**TO THE CLERK OF COURT**:

The Office of the Clerk of Court is directed to mail a copy of this order to Defendant Pope Funeral Home, which may not proceed without counsel in this action.

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 15, 2017
Columbia, South Carolina

*Defendant's attention is directed to the important notice on the following page.*

**IMPORTANT INFORMATION . . . PLEASE READ CAREFULLY**

**WARNING TO PRO SE PARTY OR NONPARTY FILERS**

ALL DOCUMENTS THAT YOU FILE WITH THE COURT WILL BE AVAILABLE TO THE PUBLIC ON THE INTERNET THROUGH PACER (PUBLIC ACCESS TO COURT ELECTRONIC RECORDS) AND THE COURT'S ELECTRONIC CASE FILING SYSTEM. CERTAIN *PERSONAL IDENTIFYING INFORMATION* SHOULD NOT BE INCLUDED IN OR SHOULD BE REMOVED FROM ALL DOCUMENTS *BEFORE* YOU SUBMIT THE DOCUMENTS TO THE COURT FOR FILING.

Rule 5.2 of the Federal Rules of Civil Procedure provides for privacy protection of electronic or paper filings made with the court. Rule 5.2 applies to *ALL* documents submitted for filing, including pleadings, exhibits to pleadings, discovery responses, and any other document submitted by any party or nonparty for filing. Unless otherwise ordered by the court, a party or nonparty filer should not put certain types of an individual's personal identifying information in documents submitted for filing to any United States District Court. If it is necessary to file a document that already contains personal identifying information, the personal identifying information should be "**blacked out**" or **redacted** prior to submitting the document to the Clerk of Court for filing. A person filing any document containing their own personal identifying information **waives** the protection of Rule 5.2(a) by filing the information without redaction and not under seal.

1. Personal information protected by Rule 5.2(a):

**(a) Social Security and Taxpayer identification numbers.** If an individual's social security number or a taxpayer identification number must be included in a document, the filer may include only the last four digits of that number.
**(b) Names of Minor Children.** If the involvement of a minor child must be mentioned, the filer may include only the initials of that child.
**(c) Dates of Birth.** If an individual's date of birth must be included in a document, the filer may include only the year of birth.
**(d) Financial Account Numbers.** If financial account numbers are relevant, the filer may include only the last four digits of these numbers.

2. Protection of other sensitive personal information – such as driver's license numbers and alien registration numbers – may be sought under Rule 5.2(d)(filings made under seal) and (e) (protective orders).