IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

ROCK HILL DIVISION

| | | |
|---|---|---|
| Metropolitan Life Insurance Company, | ) | |
| | ) | C/A No. 0:17-22-MBS |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| Vernon Hudson, Jr.; Frances Hudson; and | ) | |
| Pope Funeral Home, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Metropolitan Life Insurance Company filed the within interpleader complaint on January 4, 2017, seeking a determination as to the beneficiary of a life insurance policy in the amount of $24,000.00 issued to Vernon Hudson, Sr. (Decedent) through his employer, Rio Tinto America, Inc. (The "Policy"). According to the complaint, the most recent beneficiary designation on file designates Defendant Vernon Hudson, Jr. as sole primary beneficiary. The next most recent beneficiary designation on file designates Defendant Frances Hudson as the sole primary beneficiary. Plaintiff asserts it received information that Decedent suffered from dementia and that Defendant Vernon Hudson, Jr. "falsefully sign[ed] his Father's name illegally" to the beneficiary change form. ECF No. 1-10. As a result, Plaintiff asserts it is unable to disburse the proceeds of the Policy without exposing itself to double liability.

On February 1, 2017, Defendant Frances Hudson filed a pro se answer. She currently is represented by counsel. Defendant Pope Funeral Home has not made an appearance through counsel, although on or about February 1, 2017, it did attempt to respond to the complaint through its owner/director seeking reimbursement for services rendered pursuant to an Assignment of

Proceeds of Insurance executed by Defendant Vernon Hudson, Jr. on April 27, 2016. ECF Nos. 1-6, 9-1. On March 28, 2017, the Clerk of Court entered default against Defendant Vernon Hudson, Jr. ECF No. 21. On March 30, 2017, the court granted Plaintiff leave to pay the proceeds of the Policy into court and dismissed Plaintiff from the case. ECF No. 30.

This matter now is before the court on Defendant Frances Hudson's motion for summary judgment, which motion was filed on April 11, 2017. Defendant Frances Hudson informs the court that Defendant Vernon Hudson, Jr. forged the signature of Decedent on a Standard Group Term Life Beneficiary Designation and Change Form dated June 1, 2014. In support of her motion, Defendant Frances Hudson attaches an affidavit of Marvin H. Dawson, Jr., Forensic Document Examiner, as well as his Report of Examination. ECF No. 27-1. In addition, Defendant Frances Hudson informs the court that she and Defendant Pope Funeral Home have entered into a settlement agreement regarding amounts to be disbursed to both of them from the Policy. Although he is in default, Defendant Vernon Hudson, Jr. was served with a copy of the motion on or about May 2, 2017. On May 19, 2017, the court issued an order pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), advising Defendant Vernon Hudson, Jr. of the summary judgment procedures and the possible consequences if he failed to respond adequately. He has elected not to oppose the motion.

Defendant Frances Hudson moves for summary judgment pursuant to Fed. R. Civ. P. 56. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate

that there exists a genuine issue of material fact requiring trial. <u>Matsushita Elec. Industrial Co. Ltd.</u> <u>v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. <u>Anderson v.</u> <u>Liberty Lobby</u>, 477 U.S. 242, 250 (1986).

In this case, the only evidence before the court is that the signature of Decedent on the most recent beneficiary designation was forged by Defendant Vernon Hudson, Jr. and therefore is ineffective. The next most recent beneficiary designation of Defendant Frances Hudson controls. The court finds that there is no issue for trial and that Defendant Frances Hudson is entitled to judgment as a matter of law.

Defendant Frances Hudson is directed to provide the court with a proposed order within ten (10) days after entry of this order stating with specificity the manner by which funds paid into the court registry should be disbursed.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

June 20, 2017